Donovan, Elizabeth B., J.
The plaintiffs, Steven P. Kenney and Ellen B. Kenney (Kenneys) brought three claims against GMAC Mortgage, LLC (GMAC): Count I - breach of implied contract; Count II - violation of G.L.c. 93A; and Count V - seeking injunctive relief. GMAC moves to dismiss the three claims pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons the motion is allowed.
BACKGROUND
The Kenneys allege that in August 2003 they refinanced their home in Wrentham, Massachusetts with GMAC. The 15-year mortgage loan was in the sum of $296,000.00. In October 2003 they opened a Home Equity Line of Credit with Citibank in the maximum amount of $80,000.00.
In June 2007 Mr. Kenney suffered an injury which ended his career as a police officer.
With limited financial resources, the Kenneys contacted GMAC in July 2009 to seek a loan modification under HAMP (Home Affordable Modification Program). GMAC was a servicer in the loan modification program for distressed homeowners.
The Kenneys sent the documentation GMAC requested but it was lost, misplaced or not received. This happened a second time. After a third submission the Kenneys received a letter on May 11,2010 denying the loan modification under the “HAMP Program.” Mr. Kenney contacted GMAC by telephone and was told the family expenses were too high. Mr. Kenney can-celled a health insurance policy to save $500.00 per month and sent GMAC notice of the cancellation and savings.
The Kenneys received a letter dated June 14, 2010 stating their application was being processed and they would receive a response within 20 business days. On June 30, 2010 GMAC proceeded with the foreclosure. The Kenneys received a letter dated July 2, 2010 denying their request for loan modification because the records indicate the foreclosure sale was held or will be held.
The Kenneys sent a demand letter pursuant to G.L.c. 93A.
DISCUSSION
The Kenneys claim GMAC acted in bad faith in failing to process the loan modification in a timely manner, proceeding with the foreclosure before deciding whether to allow or deny the loan modification, and selling the house at a price which eliminated their equity in the house.
In Carney v. Shawmut Bank, N.A., 72 Mass.App.Ct. 1117 (2008), the plaintiff claimed the bank did not negotiate in good faith. The Court held that the claim against Shawmut for failure to negotiate debt restructure or extensions of a note in good faith was properly dismissed because the documents were integrated. While Shawmut was free to negotiate with Carney, it was under no obligation to do so, and was equally free to exercise the rights which it had acquired under the loan agreements to foreclose.
Here the claims are brought under HAMP which was created by Congress under the Emergency Economic Stabilization Act of 2008. It is governed by guidelines set forth by Fannie Mae and the United States Department of the Treasury. A bank may participate as a Servicer if it executes a Servicer Participation Agreement (Agreement). The parties to the Agreement are the Federal National Mortgage Association, a federally chartered corporation, as financial agent of the United States (“Fannie Mae”), and the Servicer. Federal law controls the interpretation of the Agreement because the United States is a party to the contract.
The plaintiffs have failed to show where either the guidelines or the Agreement give a borrower a right to enforce the Servicer’s obligations under HAMP. Speleos v. BAC Home Loans Servicing, L.P., 2010 WL 5174510, *7 (D.Mass. 2010). After review of both the guidelines and the standard Agreement, the court cannot find any rights given to the borrower to pursue a claim against the Servicer for foreclosing on the plaintiffs’ property before the review of their eligibility is completed. At most their only remedy is a complaint to Fannie Mae that the Bank violated the guidelines.
No contract can be implied as requested in Count I. The Kenneys argue G.L.c. 93A applies because the bank failed to process their loan modification application. Since neither the HAMP guidelines nor the Agreement give the borrowers any right to enforce the Servicer’s obligation they have no rights under State Consumer Protection Statute. State law does not apply. Thus Count II is dismissed.
A party cannot seek by injunctive relief to enforce a right it does not have.
*252 ORDER
For the foregoing reasons the motion to dismiss Counts I, II and V is allowed.